# UNITED STATES DISTRICT COURT
## Eastern District of Texas
## Sherman Division

| | |
|---|---|
| David Mack, | § |
| | § |
| Plaintiff, | § |
| | §  CA No.: 4:18-cv-826 |
| | § |
| v. | § |
| | § |
| Direct Recovery Services, LLC, | § |
| | § |
| Defendant. | § |

**Plaintiff David Mack's Original Complaint**

1. **Nature of the Action**

    1.1. David Mack ("**Plaintiff**") brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("**FDCPA**") to obtain statutory damages, actual damages and other relief for the Defendant's violation of the FDCPA.

    1.2. The FDCPA is a strict liability statute that creates specific requirements debt collectors must follow. *Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446, 451 (8th Cir. 2001).

2. **Parties**

   2.1. Plaintiff is a resident of the State of Texas and this District. Plaintiff is a consumer under 15 U.S.C. § 1692a(3).

   2.2. Direct Recovery Services, LLC ("**Defendant**") is a foreign limited liability company registered in Texas that is engaged in the business of collecting consumer debts in the Eastern District of Texas. The principal purpose of Defendant's business is the collection of consumer debts. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

3. **Jurisdiction and Venue**

   3.1. Jurisdiction of this Court is pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337(a).

   3.2. Venue in the Eastern District of Texas is proper under 28 U.S.C. § 1391(b)-(c) and because the acts and transactions occurred here and the Defendant transacts business here.

4. **Article III Standing**

   4.1. Plaintiff has Article III standing for his claim under the FDCPA. *Spokeo, Inc., v. Thomas Robins*, 136 S. Ct. 1540 (2016). By not being provided the required information, Plaintiff suffered the following injuries:

    4.1.1. An informational harm (lack of receipt of creditor/debt information) the FDCPA was designed to protect and provide;

    4.1.2. Anxiety and distress as a result of not receiving the required written notice;

    4.1.3. Plaintiff has not been afforded the opportunity to challenge the creditor's debt information;

    4.1.4. Plaintiff was exposed to a real risk of financial harm by being potentially coerced into paying a debt which he did not owe. The lack of information provided by Defendant caused this risk of financial harm. *See Sayles v. Advanced Recovery Sys., Inc.*, 865 F.3d 246, 250 (5th Cir. 2017); and

    4.1.5. Plaintiff's right to information is a substantive right not merely procedural.

**5. Factual Allegations**

    5.1. Defendant provides receivable management services, including the collection of alleged debts on a nationwide basis.

    5.2. A principal purpose of Defendant's businesses is the collection of debts allegedly owed to third parties.

    5.3. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

5.4. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

5.5. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

5.6. Defendant's agents, employees, officers, members, directors, and representatives were working within the course and scope of their employment when taking the actions stated herein.

5.7. On May 29, 2018 at approximately 3:48 pm Defendant robodialed/called Plaintiff from telephone number 218-215-2362 and left a pre-recorded voice massage in connection with Defendant's attempt to collect a debt from Plaintiff. The telephone call was the initial communication between Plaintiff and Defendant in connection with the collection of the alleged debt.

5.8. During the message the Plaintiff's name was stated three times.

5.9. 15 U.S.C. § 1692g mandates that Defendant send Plaintiff a written notice following that phone call advising Plaintiff of certain items.

5.10. The written notice must advise Plaintiff of:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

5.11. Defendant did not send the required written notice within the five days and has not sent it at all.

## 6. Count One: Violation of the FDCPA

6.1. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

6.2. The Defendant's violation of the FDCPA includes, but is not limited to the following:

6.2.1. In violation of 15 U.S.C. § 1692g(a), the Defendant did not send the required written notice.

6.3. Under 15 USC § 1692k, the Defendant's violation of the FDCPA render it liable to Plaintiff for statutory damages, costs, and reasonable attorney's fees.

7. **Relief Requested**

7.1. WHEREFORE, the Plaintiff prays that this Court:

7.1.1. Declare that Defendant's actions violate the FDCPA.

7.1.2. Enter judgment in favor of Plaintiff and against Defendant for statutory damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a).

7.1.3. Grant such further relief as deemed just.

Respectfully submitted:

By:    */s/ Chris R. Miltenberger*
      Chris R. Miltenberger
      Texas State Bar Number 14171200

      Designated as Lead Attorney

**The Law Office of Chris R. Miltenberger, PLLC**

1360 N. White Chapel, Suite 200
Southlake, Texas 76092
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Attorney for Plaintiff