# UNITED STATES DISTRICT COURT
## Eastern District of Texas
## Sherman Division

| | |
|---|---|
| David Mack, <br><br> Plaintiff, <br><br> v. <br><br> Direct Recovery Services, LLC, and Elle Gusman, individually <br><br> Defendants. | § <br> § <br> § <br> § CA No.: 4:18-cv-826-ALM <br> § <br> § <br> § <br> § <br> § <br> § |

### Plaintiff David Mack's First Amended Original Complaint

1. **Nature of the Action**

    1.1. David Mack ("**Plaintiff**") brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("**FDCPA**") to obtain statutory damages, actual damages and other relief for the Defendants' violation of the FDCPA.

    1.2. The FDCPA is a strict liability statute that creates specific requirements debt collectors must follow. *Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446, 451 (8th Cir. 2001).

2. **Parties**

   2.1. Plaintiff is a resident of the State of Texas and this District. Plaintiff is a consumer under 15 U.S.C. § 1692a(3).

   2.2. Direct Recovery Services, LLC ("**DRS**") is a foreign limited liability company registered in Texas that is engaged in the business of collecting consumer debts in the Eastern District of Texas. The principal purpose of DRS' business is the collection of consumer debts. DRS is a "debt collector" as defined by 15 U.S.C. § 1692a(6). DRS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

   2.3. Elle Gusman ("**Gusman**"), is a natural person and is the owner of DRS.

   2.4. Gusman uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Gusman regularly collects or attempts to collect, directly and/or indirectly, debts owed or due or asserted to be owed or due another. Gusman is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

   2.5. Gusman (a) created the collection policies and procedures used by DRS and its employees and/or agents, in connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of DRS, (c) oversaw the application of the collection

policies and procedures used by DRS and its employees and/or agents, (d) drafted, created, approved and ratified the tactics and scripts used by DRS and its employees and/or agents to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Plaintiff as alleged in this complaint, (e) ratified the unlawful debt collection practices and procedures used by DRS and its employees and/or agents in connection with their common efforts to collect consumer debts, and (f) had knowledge of, approved, participated in, and ratified the unlawful debt collection practices used by DRS and its employees and/or agents in attempts to collect an alleged debt from Plaintiff as alleged in this complaint.

2.6. Gusman directly and indirectly participated in the unlawful debt collection practices to collect an alleged debt from Plaintiff that are described in this Complaint.

3. **Jurisdiction and Venue**

3.1. Jurisdiction of this Court is pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337(a).

3.2. Venue in the Eastern District of Texas is proper under 28 U.S.C. § 1391(b)-(c) and because the acts and transactions occurred here and DRS transacts business here.

4. **Article III Standing**

   4.1. Plaintiff has Article III standing for his claim under the FDCPA. *Spokeo, Inc., v. Thomas Robins*, 136 S. Ct. 1540 (2016). By not being provided the required information, Plaintiff suffered the following injuries:

   4.1.1. An informational harm (lack of receipt of creditor/debt information) the FDCPA was designed to protect and provide;

   4.1.2. Anxiety and distress as a result of not receiving the required written notice;

   4.1.3. Plaintiff has not been afforded the opportunity to challenge the creditor's debt information;

   4.1.4. Plaintiff was exposed to a real risk of financial harm by being potentially coerced into paying a debt which he did not owe. The lack of information provided by DRS caused this risk of financial harm. *See Sayles v. Advanced Recovery Sys., Inc.*, 865 F.3d 246, 250 (5th Cir. 2017); and

   4.1.5. Plaintiff's right to information is a substantive right not merely procedural.

5. **Factual Allegations**

   5.1. DRS provides receivable management services, including the collection of alleged debts on a nationwide basis.

5.2. A principal purpose of DRS' businesses is the collection of debts allegedly owed to third parties.

5.3. DRS regularly collects, or attempts to collect, debts allegedly owed to third parties.

5.4. During the course of its attempts to collect debts allegedly owed to third parties, DRS sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

5.5. DRS acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

5.6. DRS' agents, employees, officers, members, directors, and representatives were working within the course and scope of their employment when taking the actions stated herein.

5.7. On May 29, 2018 at approximately 3:48 pm DRS robodialed/called Plaintiff from telephone number 218-215-2362 and left a pre-recorded voice massage in connection with DRS' attempt to collect a debt from Plaintiff. The telephone call was the initial communication between Plaintiff and DRS in connection with the collection of the alleged debt.

5.8. During the message the Plaintiff's name was stated three times.

5.9. 15 U.S.C. § 1692g mandates that DRS send Plaintiff a written notice following that phone call advising Plaintiff of certain items.

5.10. The written notice must advise Plaintiff of:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

5.11. Neither DRS nor Gusman sent the required written notice within the five days and it has not been sent at all.

## 6. Count One: Violation of the FDCPA by DRS and Gusman

6.1. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

6.2. DRS' and Gusman's violation of the FDCPA includes, but is not limited to the following:

    6.2.1. In violation of 15 U.S.C. § 1692g(a), DRS and Gusman did not send the required written notice.

6.3. Under 15 USC § 1692k, DRS' and Gusman's violation of the FDCPA render them liable to Plaintiff for statutory damages, costs, and reasonable attorney's fees.

7. **Relief Requested**

7.1. WHEREFORE, the Plaintiff prays that this Court:

    7.1.1. Declare that DRS' and Gusman's actions violate the FDCPA.

    7.1.2. Enter judgment in favor of Plaintiff and against DRS and Gusman, jointly and severally, for statutory damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a).

    7.1.3. Grant such further relief as deemed just.

Respectfully submitted:

By:    */s/ Chris R. Miltenberger*
       Chris R. Miltenberger
       Texas State Bar Number 14171200

       Designated as Lead Attorney

**The Law Office of Chris R. Miltenberger, PLLC**

1360 N. White Chapel, Suite 200
Southlake, Texas 76092
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Attorney for Plaintiff

### Certificate of Service

The undersigned certifies that on January 31, 2019, the foregoing document was filed electronically through the Court's CM/ECF system in compliance with the Local Rules. Defendants have not yet appeared.

By:    */s/ Chris R. Miltenberger*
       Chris R. Miltenberger